1   John J. Bouma (#001358)
  Patricia Lee Refo (#017032)
2   SNELL & WILMER L.L.P.
  One Arizona Center
3   400 E. Van Buren, Suite 1900
  Phoenix, Arizona 85004-2202
4   Telephone: 602.382.6000
  Facsimile: 602.382.6070
5   E-Mail: jbouma@swlaw.com
  prefo@swlaw.com
6
  Anne E. Rea* (SBN 6188384)
7   area@sidley.com
  Tacy F. Flint* (SBN 6284806)
8   tflint@sidley.com
  Joseph R. Dosch* (SBN 6303209)
9   jdosch@sidley.com
  SIDLEY AUSTIN LLP
10   One South Dearborn Street
  Chicago, Illinois 60603
11   Telephone: (312) 853- 7143
  *Admitted Pro Hac Vice
12
  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Summit Law School, LLC, a Delaware corporation; and InfiLaw Corporation, a Delaware corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>American Bar Association, an Illinois corporation; Council of the Section of Legal Education and Admissions to the Bar, American Bar Association; and Accreditation Committee of the Section of Legal Education and Admissions to the Bar, American Bar Association,<br><br>            Defendants. | No. 2:18-CV-01580-PHX-DGC<br><br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW**<br><br><br>ORAL ARGUMENT REQUESTED |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 2

   I.    The Role of the Committee, Council, and Appeals Panel in Accreditation
       Decisions. ............................................................................................................ 2

   II.   The Decisions of the Committee and Council and Arizona Summit's Pending
       Appeal to the Panel. ........................................................................................... 4

STANDARD OF REVIEW .............................................................................................. 7

ARGUMENT .................................................................................................................... 8

   I.    A Stay of Proceedings Is Warranted Because It Is Premature To Evaluate The
       School's Due Process Claim Where the Available Process Has Not Yet
       Concluded. .......................................................................................................... 8

   II.   Arizona Summit Will Not Be Harmed If Proceedings Are Stayed During the
       Pendency of Its Internal Appeal. ...................................................................... 13

   III.  Without A Stay, The ABA Will Suffer Hardship. ........................................... 15

CONCLUSION .............................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*In re ABA Law Sch. Accreditation Litig.*,
   MDL 2855, Dkt. 11 (J.P.M.L. June 22, 2018) ......................................................... 13

*Abbott Labs. v. Gardner*,
   387 U.S. 136 (1967) ........................................................................................... 10

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ..................................................................... 8, 13, 15

*Florida Coastal Sch. of Law, Inc. v. Am. Bar Assoc.*,
   No. 3:18-cv-621-J-39JBT, Dkt. 39 (M.D. Fla. July 9, 2018) ................................... 12

*Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design*,
   39 F. Supp. 2d 889 (W.D. Mich. 1998) .................................................................. 11

*Free Enter. Fund v. PCAOB*,
   561 U.S. 477 (2010) ............................................................................................ 11

*Hampton Univ. v. Accreditation Council for Pharm. Educ.*,
   611 F. Supp. 2d 557 (E.D. Va. 2009) .................................................................... 16

*Hiwassee Coll., Inc. v. S. Ass'n. of Colls. & Sch.*
   531 F.3d 1333 (11th Cir. 2008) ............................................................................ 14

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ............................................................................... 3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .............................................................................................. 7

*Leyva v. Certified Grocers of Cal.*,
   593 F.2d 857 (9th Cir. 1979) ................................................................................. 8

*Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*,
   No. 3:11-CV-608, 2012 WL 1108125 (E.D. Tenn. Apr. 2, 2012) ........................ 9, 10

*Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*,
   No. 3:11-CV-608, 2012 WL 137851 (E.D. Tenn. Jan. 18, 2012) ........................ 9, 10

*Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Sch. & Colls.*,
   781 F.3d 161 (4th Cir. 2015) ........................................................................... 11, 12

*S. Cal. Inst. of Law v. Biggers*,
  613 F. App'x 665 (9th Cir. 2015) ............................................................... 14

*In re Silicon Graphics Inc. Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999) ...................................................................... 3

*Staver v. Am. Bar Ass'n*,
  169 F. Supp. 2d 1372 (M.D. Fla. 2001) ............................................... 9, 10

*Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*,
  459 F.3d 705 (6th Cir. 2006) ................................................................ 11, 12

*Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*,
  No. 17-13708, 2017 WL 6342629 (E.D. Mich. Dec. 12, 2017) ................... 16

*Thunder Basin Coal Co. v. Reich*,
  510 U.S. 200 (1994) .................................................................................. 12

*Transp. Careers, Inc. v. Nat'l Home Study Council*,
  646 F. Supp. 1474 (N.D. Ind. 1986) ........................................................... 11

*United States v. Illinois Cent. R. Co.*
  291 U.S. 457 (1934) .................................................................................. 12

*W. State Univ. of S. Cal. v. Am. Bar Ass'n*,
  301 F. Supp. 2d 1129 (C.D. Cal. 2004) ...................................................... 14

*Weinberger v. Salfi*,
  422 U.S. 749 (1975) .............................................................................. 11, 13

*Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust
  Co.*,
  379 U.S. 411 (1965) .................................................................................. 11

**Regulations**

34 C.F.R. § 602.25 .............................................................................. 1, 3, 9, 15

59 Fed. Reg. 22250 ...................................................................................... 3

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

The American Bar Association ("ABA"), the Council of the Section of Legal Education and Admissions to the Bar, ABA ("the Council"), and the Accreditation Committee of the Section of Legal Education and Admissions to the Bar ("the Committee") (collectively "Defendants" or the "ABA") respectfully move this Court for an order staying proceedings pending resolution of Arizona Summit Law School, LLC and InfiLaw Corporation (collectively, "Arizona Summit" or the "school")'s appeal of accreditation issues to the ABA Appeals Panel ("Appeals Panel" or the "Panel"). The appeal, filed on July 16, 2018, will be resolved no later than October 2018 pursuant to ABA Rules.

The Department of Education's ("DOE") regulations require that an accreditor, such as the ABA, provide an opportunity "for the institution or program to appeal any adverse action prior to the action becoming final." 34 C.F.R. § 602.25(f). In accordance with federal law, the ABA provided Arizona Summit the opportunity to file an appeal and the ABA stayed its decision pending the outcome of the appeal to allow the appeals process to be completed in an orderly manner. But, before completion of the ABA's appeals process, Arizona Summit filed this action seeking a determination that the process the ABA has provided and is still providing in reviewing the school's accreditation fails to satisfy common law due process standards. Specifically, Arizona Summit's Complaint challenges decisions of the Committee and Council concerning the school's compliance with ABA Standards that are the subject of the school's pending internal appeal to the ABA Appeals Panel. (*See* Compl., Dkt. 1 ¶ 1.)

Because Arizona Summit has not yet exhausted the federally-mandated process for appealing the accreditation decisions it challenges, its claim is not ripe for judicial review.

- 1 -

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

This alone would warrant a stay to enable the parties to complete the internal process. But here, a stay will also serve the efficiency and economy interests of the Court and the parties. The Appeals Panel decision may eliminate or narrow the issues that Arizona Summit disputes. Under ABA rules, the Appeals Panel will engage in the *same review* of the accreditation decisions that Arizona Summit now seeks from this Court. The Panel will determine whether ABA decisions were arbitrary and capricious, not supported by evidence in the record, or inconsistent with ABA rules in a way that prejudiced the school—the same standard courts apply in reviewing accreditors' decisions.

If issues remain in dispute at the conclusion of the ABA process, the Court will have the benefit of a fully developed accreditation record including a transcribed hearing before the Appeals Panel and a written decision issued by the Panel. Conservation of judicial and party resources strongly weigh in favor of a stay of proceedings. Nor will awaiting the outcome of the school's appeal prejudice Arizona Summit, whose appeal will be resolved by October 2018 at the latest. Injecting this Court into ongoing proceedings and asking the Court to substitute its judgment for that of the ABA Appeals Panel while its review is underway will harm the ABA and undermine the accreditation process. The Court should grant the ABA's Motion and stay this litigation pending the Appeals Panel's decision.

## **BACKGROUND**

I.      **The Role of the Committee, Council, and Appeals Panel in Accreditation Decisions.**

The ABA is a not-for-profit voluntary professional association. It has published standards for legal education and a list of ABA-approved law schools that meet those standards since 1921. (Ex. 1, *ABA Standards and Rules of Procedure for Approval of Law*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

*Schools 2017-2018*, Preface at v).[1]  The U.S. Department of Education has designated the Council and its Accreditation Committee as agencies for the accreditation of programs leading to the J.D. degree. (*Id.*)  The Council and Committee thus ensure that federal financial aid goes to schools "that provide students with quality education or training worth the time, energy, and money they invest in it." 59 Fed. Reg. 22250 (Apr. 29, 1994).

The Council adopts Standards for Approval of Law Schools, which set out criteria for ABA accreditation, as well as Interpretations and Rules of Procedure that govern the accreditation process. (Ex. 1, Preface at vi–vii.)  "The Council has primary authority to determine compliance with the Standards," but has delegated certain authorities to its Accreditation Committee, including the authority to determine "compliance with the Standards of any provisionally or fully approved law school." (*Id.* at 49–50.) By accrediting a school, the Council states to the public that the school is in compliance with the Standards.

The ABA has established a multi-level process for review of accredited law schools. As part of that process, a law school "has a right to appeal a decision of the Accreditation Committee" to the Council.  (*Id.* at 56, 61.)  Further, as is the case for Arizona Summit here, a law school facing the withdrawal of ABA approval has the right to appeal a decision rendered by the Council to the ABA Appeals Panel.  (*Id.* at 50.)

The Appeals Panel process is required by DOE regulations.  *See* 34 C.F.R. § 602.25(f). The Panel consists of "(1) an academic; (2) an administrator; (3); a legal educator; (4) a

---

[1] A Court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached'" to the plaintiff's pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005), *quoting In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

practitioner or member of the judiciary; and (5) a representative of the public." (Ex. 1 at 70.) A law school filing an appeal to the Appeals Panel submits a written appeal that includes a statement of the grounds for appeal and "[d]ocumentation in support of the appeal." (*Id.*) Within 30 days of receipt of the appeal, the Managing Director appoints "three members of the Appeals Panel to hear the particular matter and make the decision." (*Id.* at 70–71.) The law school "has the burden of demonstrating that the Council's decision was arbitrary and capricious and not supported by the evidence on record, or inconsistent with the Rules of Procedure and that inconsistency prejudiced its decision." (*Id.* at 71.)

The Appeals Panel is provided with copies of the written appeal, the decision of the Council, and the "record before the Council, including any transcript of hearing." (*Id.*) Within 45 days of the Managing Director's referral of the appeal to the Appeals Panel, a hearing is scheduled. (*Id.*) At the hearing, the law school has the right to have "representatives, including legal counsel," present and the hearing is "transcribed by a court reporter." (*Id.* at 71-72.) The transcript is then provided to the Panel, Council, and law school. (*Id.* at 72.) After the hearing, the Panel provides a written decision within 30 days. (*Id.*) In total, the Appeals Panel must issue a final decision within 105 days from a school's appeal—here by October 2018.

## II.  The Decisions of the Committee and Council and Arizona Summit's Pending Appeal to the Panel.

The decisions challenged in Arizona Summit's Complaint were reached after years of review, involving multiple rounds of submissions from the school and numerous hearings before the Committee and Council. Critically, that process is ongoing pursuant to DOE regulations: Arizona Summit appealed the most recent Council decision to the Appeals

Panel on July 16, 2018.

As an ABA-approved law school, Arizona Summit is required to undergo regular site evaluations and to submit to the ABA an annual questionnaire with information relevant to its ongoing compliance with ABA standards. (Ex. 1 at 5.) In June 2015, during its review and after reviewing Arizona Summit's annual questionnaire, the ABA requested that the school submit information demonstrating compliance with certain identified Standards, and Arizona Summit submitted a written response. (*See* Ex. 2, May 18, 2016 Committee Decision, at 1.) On May 18, 2016, after reviewing the school's response, the Committee issued a written decision containing findings of fact and concluding that Arizona Summit was not in compliance with Standards 301(a), 308(a), 309(b), and 501(b) and Interpretations 501-1 and 501-2. (*Id.* at 6.) The Committee directed Arizona Summit to submit a report demonstrating compliance and to appear before the Committee at an October 2016 hearing. (*See* Dkt. 1 ¶ 53.)

After reviewing the school's report and holding the October hearing at which the school appeared, the Committee issued a written decision on December 6, 2016 containing findings of fact and concluding that Arizona Summit had not demonstrated compliance with the specified Standards and Interpretations; it recommended that the Council place Arizona Summit on probation. (*See* Dkt. 1 ¶¶ 54–55, 63.) The Committee further recommended that the Council require Arizona Summit to provide admitted students and publish on its website a notice stating that the Committee had found the school not to be in compliance with certain Standards (the "Public Notice"), and to communicate to current students "the Arizona first-time bar examination passage rates, by class quartiles, for Law School graduates sitting for

the Arizona bar examinations over the six administrations preceding the semester" and "the class quartile in which the student then falls" (the "Bar Pass Notice"). (Dkt. 1 ¶¶ 64, 68.) The Committee also recommended that the ABA send a fact finder to evaluate the school. (*See* Ex. 3, December 6, 2016 Committee Decision, at 8–9.)

In March 2017, the Council held a hearing to consider the Committee's December 2016 recommendation. (Dkt. 1 ¶ 74.) The school's leadership attended the hearing and made opening and closing remarks and responded to questions. Following the hearing, based on the record, the Council adopted the Committee's findings of fact and affirmed the Committee's conclusions regarding Arizona Summit's non-compliance. (Dkt. ¶¶ 76–77; *see also* Ex. 4, March 27, 2017 Decision.) The Council placed Arizona Summit on probation, effective March 27, 2017. (Dkt. 1 ¶ 82.) As the Committee had recommended, the Council required that Arizona Summit post the Public Notice and communicate the Bar Pass Notice to students and directed a fact finder to visit the school's campus for a comprehensive review. (Dkt. 1 ¶¶ 83–84.) The fact finder visit took place in summer 2017; the fact finder produced a written report; and the school submitted a written response. (*See* Ex. 5, Oct. 3, 2017 Decision, at 6.)

Following the fact finder report and response, Arizona Summit participated in another hearing before the Committee. (Dkt. 1 ¶ 86.) On October 3, 2017, the Committee issued a decision concluding that the school remained out of compliance with Standards 301(a), 309(b), and 501(b) and Interpretations 501-1 and 501-2, but had returned to compliance with Standard 308(a). (Dkt. 1 ¶¶ 88; 93–94; *see also* Ex. 5, at 25-26.)[2] The

---

[2] The Committee's October 2017 decision also questioned the school's compliance with Standard 202(a) concerning adequacy of the school's finances. (Dkt. 1 ¶ 94.) Following

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Committee recommended to the Council that Arizona Summit remain on probation, continue the remedial actions required by the Council's March 2017 decision, and issue a public notice of the decision. (Dkt. 1 ¶¶ 95–97.)

The Council considered the Committee's October 2017 decision at a May 2018 hearing at which the school appeared, represented by outside counsel. Before the Council issued a decision, Arizona Summit filed this lawsuit. On June 8, 2018, the Council issued a decision withdrawing Arizona Summit's accreditation based on its continuing noncompliance with Standards 301(a), 309(b), and 501(b) and Interpretations 501-1 and 501-2 (the "June 2018 decision"). The Council stayed the withdrawal of accreditation pending Arizona Summit's appeal to the Appeals Panel. Arizona Summit filed its appeal to the Panel on July 16, 2018. Under the timeline in the ABA Rules, the ABA's stay of its accreditation decision will be in effect until at least October 29, 2018.

## **STANDARD OF REVIEW**

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course

---

additional written submissions by the school, the Committee on January 3, 2018 issued a written decision concluding that Arizona Summit was not in compliance with Standard 202(a). (Dkt. 1 ¶ 100; *see also* Ex. 6, Jan. 3, 2018 Decision.) After further submissions and the appearance of Arizona Summit's leadership and outside counsel at a Committee hearing in March 2018, the Committee on April 27, 2018 issued a written decision again concluding that Arizona Summit was not in compliance with Standard 202(a). (Dkt. 1 ¶ 110; *see also* Ex. 7, Apr. 27, 2018 Decision.) The school appealed the Committee's January and April 2018 decisions to the Council. (Dkt. 1 ¶¶ 107, 119) (the "Standard 202(a) appeal.") The Standard 202(a) appeal is pending before the Council and has been deferred pending the school's appeal of the other non-compliance decisions to the Appeals Panel.

- 7 -

for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64. Where, as here, "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court," a court may enter a stay. *Id.* at 864.

In determining whether a stay is appropriate, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay," "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## ARGUMENT

### I.   A Stay of Proceedings Is Warranted Because It Is Premature To Evaluate The School's Due Process Claim Where the Available Process Has Not Yet Concluded.

Arizona Summit has alleged that its common law due process rights have been violated by the Committee and Council decisions described above (Dkt. 1 ¶ 1), while it simultaneously pursues review of those decisions by the ABA's Appeals Panel.  As other courts have recognized, a court cannot evaluate whether a school has been denied due process in the accreditation process if the school has not yet concluded the process available

to it. *See Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*, No. 3:11-CV-608, 2012 WL 137851, at *5 (E.D. Tenn. Jan. 18, 2012) ("*Lincoln Mem'l I*") (holding the law school was required to exhaust its appeal to the ABA's Appeals Panel before seeking judicial intervention); *Staver v. Am. Bar Ass'n*, 169 F. Supp. 2d 1372, 1377 (M.D. Fla. 2001) ("[b]ecause the ABA has not yet reached a final decision on Barry's application [for accreditation], the Plaintiffs' claims are not ripe" for review). This is especially so where DOE regulations require the Appeals Panel process. *See* 34 C.F.R. § 602.25(f).

Arizona Summit's due process claim is not ripe for review until it has exhausted its remedies. At the very least, a stay is appropriate because it will allow Arizona Summit's claim to ripen and conserve judicial and party resources. The Appeals Panel's decision may "clarify, limit, or eliminate some or all of the issues involved in this case." *See Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*, No. 3:11-CV-608, 2012 WL 1108125, at *10–11 (E.D. Tenn. Apr. 2, 2012) (*Lincoln Mem'l II*) (granting stay of proceedings pending conclusion of the ABA Appeals Panel process).

Granting a stay here will be consistent with decisions of other courts, declining to take up claims challenging the ABA's accreditation process until the ABA's internal review processes have concluded. The *Lincoln Memorial* decision is directly on point and involved many of the same issues presented here, including a "drop in credentials of the entering classes," academically dismissed students, and the school's non-compliance with Standards. *Lincoln Mem'l I*, 2012 WL 137851, at *4. The law school brought a due process claim against the ABA after the Council denied its application for ABA accreditation and posted a public notice. *Id.* at *5. Because the law school had not exhausted its right to

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

appeal the Council's decision to the ABA Appeals Panel, the court denied the school's request for injunctive relief and held that the law school was required to exhaust its internal appeal before seeking judicial review. *Id.* The court specifically rejected the law school's arguments that the exhaustion was not required, would unreasonably delay the judicial proceedings and prejudice the school, and would be futile. *Id.* at *6-9. Upon a motion for reconsideration, the court in *Lincoln Memorial* reiterated its finding that exhaustion was required and stayed proceedings pending conclusion of the Appeals Panel review. *See Lincoln Mem'l II*, 2012 WL 1108125, at *10–11.

Likewise, in *Staver*, 169 F. Supp. 2d 1372, the court held that students' claims against the ABA were not ripe for consideration because "the ABA has not yet reached a final decision on Barry [School of Law]'s application." *Id.* at 1377. The court explained that Barry School of Law's application was *still being considered* by the Council, which "will act again on Barry's application next February" (approximately four months from the date of the court's opinion), and it declined to intervene even though students could not be admitted to the bar during the pendency of the Council proceeding. *Id.*

In both *Lincoln Memorial* and *Staver,* the decisions being appealed resulted in the schools not being ABA-accredited during the appeal. Here, the Council has stayed its decision to remove Arizona Summit's accreditation pending the Appeals Panel's decision, which provides even stronger justification to stay this case until the Appeals Panel rules.

The requirement that schools exhaust administrative or internal remedies is designed to prevent "judicial interference until an administrative decision has been formalized[.]" *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). In an analogous situation under the

Administrative Procedure Act ("APA"), the Supreme Court recognized: "[g]enerally, when Congress creates procedures 'designed to permit agency expertise to be brought to bear on particular problems,' those procedures 'are to be exclusive.'" *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 489 (2010) (quoting *Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co.*, 379 U.S. 411, 420 (1965)). The exhaustion principle bars disappointed applicants from forgoing available administrative remedies just because they would prefer a judicial one, avoiding "premature interference with the agency's processes" and allowing the agency "to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

The APA does not apply to accreditors, *see Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 713 (6th Cir. 2006), but the principle that courts should not intervene prematurely—before internal review is exhausted—applies even more strongly in the context of review of the action of a private accreditor. Review of the ABA's decision is even "more limited" and deferential than a Court's review of a decision rendered under the APA. *Id.* at 713; *Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 39 F. Supp. 2d 889, 894 (W.D. Mich. 1998) ("'There is probably no area of the law where deference is as necessary [as] it is when a court reviews the decision of an accreditation association[.]'") (quoting *Transp. Careers, Inc. v. Nat'l Home Study Council*, 646 F. Supp. 1474, 1482 (N.D. Ind. 1986)). Courts will not "substitute [their own] judgment" for that of a private accreditor, but instead limit their review to looking at whether the accreditor's action was fundamentally fair. *Cooley*, 459 F.3d at 713; *Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Sch. & Colls.*, 781 F.3d 161,

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

172 (4th Cir. 2015).

An accreditor's expertise and knowledge merits deference, as accreditors possess "wide-ranging expertise in what may be highly technical and specialized fields of education[.]" *Prof'l Massage*, 781 F.3d at 171. Given the "great deference" afforded to accreditation decisions, *Cooley*, 459 F.3d at 713, it is imperative that the accreditor be permitted to complete its internal review. The Appeals Panel is best situated to review the Council and Committee's decision in the first instance, as the issue presented by Arizona Summit in its Complaint—whether the school merits accreditation—"fall[s] squarely within [Appeal Panel's] expertise." *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 214 (1994). The Court should not conduct a first review of the decision where the Appeals Panel is in the process of reviewing that same decision. (*See* Ex. 8, Order, *Florida Coastal Sch. of Law, Inc. v. Am. Bar Assoc.*, No. 3:18-cv-621-J-39JBT, Dkt. 39 at 11 (M.D. Fla. July 9, 2018) (denying preliminary injunction and finding "because [internal] review of the ABA's decision is still pending, judicial review at this time is not appropriate").)

In short, Arizona Summit's Complaint is premature and proceedings should be stayed because the Appeals Panel is still considering Arizona Summit's appeal and has not yet rendered a decision. *Cf. United States v. Illinois Cent. R. Co.* 291 U.S. 457, 463 (1934) ("The various steps to be taken constitute parts of the administrative process which must be completed before the extraordinary powers of a court of equity may be invoked."). After the Appeals Panel has rendered a decision on Arizona Summit's appeal, which should be no later than October 2018, the case will be ready to proceed—with a fully developed record, including the transcript of the Appeals Panel hearing and the written decision of the

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Appeals Panel addressing the same issues the school raises in its lawsuit. *See Weinberger*, 422 U.S. at 765.

## II.    Arizona Summit Will Not Be Harmed If Proceedings Are Stayed During the Pendency of Its Internal Appeal.

For three reasons, Arizona Summit will not be prejudiced by waiting to actively litigate this matter until October 2018 (at the latest), when the Appeals Panel will decide the school's appeal. *See CMAX, Inc.*, 300 F.2d at 268.

*First*, a stay will not create any hardship by delaying discovery because discovery is not permitted in accreditation cases. As explained in the ABA's recent Motion for Ruling That This Case Is Exempt from Mandatory Initial Discovery Pilot Project Under Rule 26(a)(1)(B)(i) (Dkt. 14), review of private accreditation decisions—like the ABA's decision here—is limited to the administrative record that was before the accreditor when it made the challenged decision. Thus, discovery is not generally permitted. Therefore, staying proceedings will not push off discovery, but will simply prevent premature motion practice over a Complaint that Arizona Summit has stated it plans to amend. *See* Opp. to Mot. for Consolidation of Law School Accreditation Actions, *In re ABA Law Sch. Accreditation Litig.*, MDL 2855, Dkt. 11 at 4 (J.P.M.L. June 22, 2018).

*Second*, neither remedial action detailed in the Complaint will cause harm during a stay. As to the Bar Pass Notice, Arizona Summit has been complying with this requirement since 2016. (*See* Dkt. 1 ¶ 68–69.) Furthermore, Arizona Summit will not have to communicate any further bar passage rates by quartile until after the Fall 2018 Semester, and its appeal will have concluded by that time. As to the Public Notice, Arizona Summit has *already complied* with the requirement and notices have been posted on its website for

more than a year and a half. (*See* Dkt. 1 ¶ 67.) Additionally, identical versions of the notices have been posted on the ABA's website since the decisions were entered, legal news outlets have reported on the decisions, and Arizona Summit has actively publicized this lawsuit.[3] Indeed, three weeks ago the Middle District of Florida court rejected the identical claim of harm by another InfiLaw school that Arizona makes here and held that there was no irreparable harm from the Public Notice because the "information is already published and available to the public and has been for . . . months."[4] (Ex. 8, Order at 14.) Here, Arizona Summit has not sought any preliminary injunctive relief, and a brief stay of the proceedings to allow the Appeals Panel to complete the internal review will not unduly delay this case or harm Arizona Summit.

*Third*, the Council stayed its June 2018 decision withdrawing approval to allow Arizona Summit an orderly opportunity to appeal the Council's decision to the Appeals Panel. During this period Arizona Summit remains ABA-approved.[5] Arizona Summit has

---

[3] *See, e.g.,* Press Release by Arizona Summit (May 24, 2018), *available at* https://www.prnewswire.com/news-releases/arizona-summit-law-school-sues-american-bar-association-300654720.html (last visited July 27, 2018).

[4] Arizona Summit's allegation that the Public Notice is a "compelled speech requirement" is a red herring. The First Amendment does not apply to the ABA as a private accreditor, *Hiwassee Coll., Inc. v. S. Ass'n. of Colls. & Sch.* 531 F.3d 1333, 1335 (11th Cir. 2008), and it is commonplace—and not "generally prohibited"—for an accreditor to require an accredited school to provide accurate information such as bar pass rates to current and prospective students. *See, e.g.*, *S. Cal. Inst. of Law v. Biggers*, 613 F. App'x 665, 666 (9th Cir. 2015) (accreditor has "legitimate interest in ensuring that prospective law students do not overestimate their prospects of passing the bar after attending an accredited law school").

[5] In contrast to the circumstances presented in *W. State Univ. of S. Cal. v. Am. Bar Ass'n*, 301 F. Supp. 2d 1129, 1138 (C.D. Cal. 2004), Arizona Summit is not in any immediate danger of losing its accreditation because the ABA has stayed the Council's decision pending appeal. Furthermore, the ABA is amenable to entering into an agreement setting forth an orderly schedule for promptly bringing before this Court any challenge to the Appeals Panel decision.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

indicated it plans to challenge the Council's June 2018 decision in a forthcoming amended complaint, *but it has not yet done so*. In light of these facts, a brief stay of this lawsuit while the Appeals Panel completes its review will not harm Arizona Summit and in fact will enable the parties and Appeals Panel to refine the issues in dispute and give the Court the benefit of a fully developed record to review.

### III. Without A Stay, The ABA Will Suffer Hardship.

In addition to considering the harm a party opposing a stay may experience, a court should also weigh "the hardship or inequity which a party may suffer in being required to go forward." *CMAX, Inc.*, 300 F.2d at 268.

Arizona Summit has already indicated that it plans to amend its Complaint to include the Council's June 2018 decision, and it may very well seek to amend its Complaint a second time once its appeal to the Panel has concluded. Should a stay not be granted, the ABA—and this Court—will be forced to litigate an almost-certainly evolving complaint, wasting resources and causing needless hardship. The ABA will be forced to contend with Arizona Summit's arguments and briefing in its internal appeal before the Appeals Panel *and* simultaneously before this Court. And this Court will have to confront multiple complaints, a decision of the Appeals Panel that has not yet issued, and an accreditation record that is still being developed and remains incomplete. *See* 34 C.F.R. § 602.25(f) (requiring the accreditor to provide the opportunity "for the institution or program to appeal any adverse action *prior to the action becoming final*") (emphasis added).

Further, the ABA has a significant interest in preserving the integrity of the accreditation process. Allowing a school to obtain judicial review while accreditation

proceedings are ongoing "would set a precedent that might lead every" ABA-accredited "school or program . . . to sue" when the ABA makes accreditation decisions in the future—substantially disrupting the accreditation process, which involves continuous review of more than 200 law schools. *See Hampton Univ. v. Accreditation Council for Pharm. Educ.*, 611 F. Supp. 2d 557, 566 (E.D. Va. 2009); *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, No. 17-13708, 2017 WL 6342629, at *4 (E.D. Mich. Dec. 12, 2017) (refusing to preliminarily enjoin finding of noncompliance because it would "substantially harm the ABA" by "disrupt[ing] the agency's accreditation processes"); Ex. 8, Order, at 11 ("[B]ecause [internal] review of the ABA's decision is still pending, judicial review at this time is not appropriate"). Where the timeline of the internal appeal to the Panel is definite and brief, and the effect of the Council's decision to withdraw approval has already been stayed, it is more equitable, efficient, and in the interest of the Court, the parties, and the public to stay proceedings until the internal appeal concludes.

## CONCLUSION

For all these reasons, the ABA respectfully asks the Court grant its Motion to Stay Proceedings.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

DATED this 27th day of July, 2018.

SNELL & WILMER L.L.P.


By: s/ Anne E. Rea
John J. Bouma
Patricia Lee Refo
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Anne E. Rea* (SBN 6188384)
area@sidley.com
Tacy F. Flint* (SBN 6284806)
tflint@sidley.com
Joseph R. Dosch* (SBN 6303209)
jdosch@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853- 7143
*Admitted Pro Hac Vice

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nicole France Stanton
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
Nicole.Stanton@quarles.com

Paul D. Clement
Viet D. Dinh
H. Christopher Bartolomucci
Kirkland & Ellis LLP
655 15th Street, NW
Washington, DC 20005
Paul.clement@kirkland.com
Viet.dinh@kirkland.com
cbartolomucci@kirkland.com

Attorneys for Plaintiffs

*s/* Anne E. Rea __